IN THE UNITED STATES DISTRICT COURT
FORT THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SONNY TRINH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MSCRIPTS, LLC,<br><br>Defendant. | Case No. _____<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant mscripts, LLC hereby removes this action from the Franklin County Court of Common Pleas to the United States District Court for the Southern District of Ohio.

A true and correct copy of the Complaint is attached as Exhibit A to this Notice. A declaration by Peter Towle in support of removal of this action to is attached as Exhibit B to this Notice. A copy of the Franklin County Court of Common Pleas case docket and all process, pleadings and orders filed to date is attached as Exhibit C to this Notice. The civil cover sheet is Exhibit D to this Notice. Defendant's written notice of the filing of this Notice of Removal to Plaintiff is attached as Exhibit E, and a copy of this Notice will be filed with the Clerk of the Franklin County Court of Common Pleas.

The grounds for removal are as follows:

**I.     BACKGROUND**

1. In January 2023, mscripts, LLC announced a data security incident (the "Incident") after it discovered that certain files in cloud storage were accessible from the Internet without the need for authentication.

2. On March 20, 2023, Plaintiff Sonny Trinh ("Plaintiff"), on his behalf and on behalf of all individuals impacted by the Incident, filed a putative class action complaint against mscripts, LLC in the Franklin County Court of Common Pleas, styled *Trinh v. mscripts, LLC*, Case No. 23-CV-001857.

3. Plaintiff's Complaint includes claims for negligence, negligence *per se*, invasion of privacy, breach of confidence, and breach of contract alleging that mscripts, LLC failed to protect personally-identifiable information ("PII") and personally-identifiable health information ("PHI") of the class. (Compl. ¶¶ 99–166.)

4. Plaintiff alleges that the Incident caused the class to suffer "injury-in-fact and damages, including, without limitation, theft of their PHI by criminals, improper disclosure of their PHI, lost benefit of their bargain, lost value of their PHI, and lost time and money incurred to mitigate and remediate the effects of" the Incident. (Compl. ¶ 107.)

5. Plaintiff seeks relief including an award of all damages, attorneys' fees, reimbursement of litigation expenses, restitution, disgorgement, and such other relief the Court deems proper. (Compl. ¶ 167.)

6. By removing this action from the Franklin County Court of Common Pleas, mscripts, LLC does not waive any defenses available to it, including, but not

limited to, defenses based on personal jurisdiction, improper venue, and improper or lack of service of process.

7. Likewise, by removing this action, mscripts, LLC does not admit any of the allegations in Plaintiff's Complaint.

## II. GROUNDS FOR REMOVAL UNDER CAFA

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a).

9. "[The Class Action Fairness Act] gives federal district courts original jurisdiction over any class action in which the putative class consists of more than 100 members and the amount in controversy is in excess of $5,000,000." *Middendorf v. West Chester Hosp., LLC*, 233 F. Supp. 3d 615, 620 (S.D. Ohio 2017) (citing 28 U.S.C. § 1332(d)).

10. Pursuant to the Class Action Fairness Act ("CAFA"), a putative class action may be removed when: (i) the suit involves a class action filed under Federal Rule 23 or a similar state statute or rule; (ii) there are at least 100 putative class members; (iii) any member of the putative class is a citizen of a state different from any defendant; and (iv) the amount in controversy in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(1)(B), 1332(d)(2), 1332(d)(5).

11. "With respect to removal under the CAFA, the United States Supreme

Court has instructed that when a class action case is removed by a defendant to federal court under the CAFA 'no antiremoval presumption attends.'" *Gilvin v. FCA US LLC*, 2018 WL 6726997, at *3 (S.D. Ohio Dec. 21, 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

12. "Furthermore, the burden to show the jurisdictional requisites is not an exacting one. Where, as here, this Court's diversity jurisdiction is invoked, a removing defendant bears the burden only to 'show by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Gilvin*, 2018 WL 6726997, at *3 (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

13. This Court has jurisdiction under the CAFA because: (1) there are at least 100 putative class members; (2) there is minimal diversity of citizenship between the members of the putative class and Defendant mscripts, LLC; (3) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interests and costs; and (4) all other requirements for removal have been satisfied.

    **A.    This Case Involves a Class Action.**

14. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15. Plaintiff seeks to represent a putative class pursuant to Civ. R. 23—the state of Ohio's analog to Federal Rule of Civil Procedure 23. (Compl. ¶¶ 90–98.)

Thus, the first CAFA requirement is satisfied.

### B. There Are More Than 100 Putative Class Members.

16. Plaintiff seeks to represent a putative class comprised of "[a]ll individuals who received a Notice of Privacy Incident from mscripts, LLC, dated February 9, 2023, stating that they had their Personal Identifying Information or Personal Health Information exposed." (Compl. ¶ 90.)

17. Plaintiff alleges that the class consists of 66,372 individuals. (Compl. ¶ 93.)

18. Thus, CAFA's 100-person requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Minimal Diversity Exists.

19. Under CAFA, diversity of citizenship exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20. For purposes of 28 U.S.C. § 1332(d), a limited liability company "has the citizenship of its members and sub-members." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022). By contrast, "a corporation is a citizen of the State in which it was incorporated and the State of its principal place of business." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017)

21. mscripts, LLC has a single member—mscripts Holdings, LLC. (Ex. B, Declaration of Peter Towle ¶ 4.) mscripts Holdings, LLC has a single member—

Cardinal Health, Inc. (Ex. B, Towle Decl. ¶ 5.) Cardinal Health, Inc. is incorporated, and maintains its principal place of business, in Ohio. (Ex. B, Towle Decl. ¶ 6.) Thus, mscripts, LLC is a citizen of the state of Ohio.

22. An individual is a citizen of the state in which he is domiciled. *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016). "[T]he law affords a rebuttable presumption that a person's residence is [his] domicile." *Howard v. Good Samaritan Hosp.*, 2022 WL 92462, at *3 n.2 (S.D. Ohio Jan. 10, 2022).

23. Plaintiff alleges he is a resident (and thus a citizen) of the state of Ohio. (Compl. ¶ 10.)

24. That said, the majority of the proposed class are not citizens of Ohio. Indeed, approximately 90% of the individuals notified of the Incident had mailing addresses in (and thus are presumptively citizens of) states other than Ohio. (Ex. B, Towle Decl. ¶ 10.)

25. Because the citizenship of members of the putative class differ from mscripts, LLC, diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### D. The Amount-in-Controversy Requirement is Satisfied.

26. To satisfy the amount-in-controversy for purposes of removal, defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"—the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89

(2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

27. Pursuant to CAFA, the complaint must put in controversy more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated for purposes of CAFA's amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d)(6).

28. Although the Complaint does not identify the exact amount of damages Plaintiff and the putative class members seek in this action, the allegations make clear that Plaintiff alleges that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

29. Plaintiff alleges that he and the putative class had their PHI stolen and that "stolen PHI can be worth up to $1,000.00 depending on the type of information." (Compl. ¶¶ 60, 67.) Plaintiff further alleges that "[s]tolen PHI is one of the most valuable commodities on the criminal information black market." (Compl. ¶ 60.)

30. Plaintiff alleges the class consists of 66,372 individuals. (Compl. ¶ 93.) Thus, Plaintiff's alleged damages exceed the amount-in-controversy requirement.

31. In addition to damages for theft, Plaintiff also seeks mitigation damages, restitution, disgorgement, and attorney fees. (Compl. ¶¶ 80, 167.)

32. Accordingly, it is clear from the face of the Complaint that, when damages for theft, mitigation, restitution, disgorgement and fees are aggregated, CAFA's $5,000,000 amount-in-controversy threshold is exceeded here.

### E. The Mandatory Exception to CAFA Does Not Apply.

33. There is one mandatory exception to CAFA: the Court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). As explained *supra*, mscripts, LLC is a citizen of the state of Ohio but less than one third of the proposed class are citizens of the state of Ohio. Thus, the exception does not apply.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS.

Defendant satisfies each of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

### A. Removal is Timely.

34. Defendant is entitled to remove this action within thirty days of receipt of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1). The Complaint was filed on March 20, 2023, and mscripts, LLC was served on April 3, 2023. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint). Thus, mscripts, LLC's Notice of Removal is due on May 3, 2023. Accordingly, this Notice of Removal is timely.

### B. Removal is to the Proper Court.

35. This Court is located in the "district and division" within which the state court action is pending in Franklin County, Ohio, and is therefore the proper court. *See* 28 U.S.C. §1446(a).

### F. All Pleadings and Process Are Attached.

36. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached hereto as Exhibits A and C.

WHEREFORE, mscripts, LLC respectfully requests that the action be removed to this Court and this Court assume full jurisdiction as if it had been originally filed here.

Dated: May 1, 2023

**BAKER & HOSTETLER LLP**

By: */s/ Lisa M. Ghannoum*
Lisa M. Ghannoum (80950)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: 216.861.7872
Fax: 216.696.0740
Email: lghannoum@bakerlaw.com

*Attorney for Defendant*
MSCRIPTS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing and all attached documents were filed electronically on May 1, 2023, and served on all counsel of record.

**SERVICE LIST:**

**MEYER WILSON CO., LPA**
Matthew R. Wilson (72925)
Email: mwilson@meyerwilson.com
Jared W. Connors (101451)
Email: jconnors@meyerwilson.com
305 W. Nationwide Blvd.
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

**TURKE & STRAUSS LLP**
Samuel J. Strauss (pro hac vice to be filed)
sam@turkestrauss.com
Raina Borrelli (pro hac vice to be filed)
raina@turkestrauss.com
613 Williamson St., #201
Madison, WI 53703
P: (608) 237-1775

        */s/ Lisa M. Ghannoum*
        *Attorney for Defendant*
        MSCRIPTS LLC